CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

**Jeffrey S. Boxer**
Partner

Direct Dial: 212-238-8626
E-mail: boxer@clm.com

2 Wall Street
New York, NY 10005-2072

Tel (212) 732-3200
Fax (212) 732-3232

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

June 21, 2018

**BY EFILE**

The Honorable Andrew L. Carter, Jr.
United States District Judge, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Oklahoma Specialized Transport LLc, et al. v. Capital Stack LLC, et al.* Case No. 1:18-cv-04192

Dear Judge Carter:

      We represent Defendants Capital Stack, LLC ("Capital Stack"), Anna N. Rubin ("Anna"), David Rubin ("David"), e-Prodigy Technology[1] ("eProdigy"), and the Rubin Law Firm ("Rubin Law Firm", collectively "Defendants") in the above-referenced matter. We write pursuant to the Court's individual rules of practice to renew our request for a pre-motion conference.

      On June 13, 2018, Defendants submitted a letter requesting a pre-motion conference regarding an anticipated motion to strike pursuant to Fed. R. Civ. P. 12(f) and to dismiss the Complaint in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 12(b)(6). A copy of that letter is attached hereto as Exhibit A.

      Subsequent to the filing of Defendants' letter requesting a pre-motion conference, Plaintiffs filed an Amended Verified Complaint and served Capital Stack, Anna, David, and the Rubin Law Firm with copies of the Amended Complaint and new summonses. Although the Amended Complaint removed some of the scandalous and irrelevant allegations, it continues to falsely allege that: (1) David is a convicted felon; and (2) David maintains a law office. *See* Am.

---

[1] Defendants note that there is no company named "E-Prodigy Technology" and thus it is unclear what corporate entity Plaintiffs intended to name as a defendant in this litigation.

Compl. ¶¶ 12, 45. The Amended Complaint also asserts the same causes of action as the original complaint and does not cure any of the defects that the Defendants noted in our June 13, 2018 letter.[2] Accordingly, Defendants still anticipate making a motion to strike pursuant to Fed. R. Civ. P. 12 (f) and to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth in the attached letter.[3]

Respectfully submitted,

Jeffrey S. Boxer

cc:   Robert J. Del Col, Esq. (by ECF and email)

---

[2] After filing their amended complaint, Plaintiffs filed a letter on June 15, 2018 responding to Defendants' June 13, 2018 letter requesting a pre-motion conference. Except for claiming (incorrectly) that all of the false and scandalous allegations were removed from the amended complaint, Plaintiffs do not claim that their amended complaint resolves the issues raised in Defendants' June 13, 2018 letter.

[3] eProdigy also reserves all rights to object to service and move to dismiss for insufficient process and/or service of process.

8294375.1

# EXHIBIT A

# CARTER LEDYARD & MILBURN LLP
*Counselors at Law*

Jeffrey S. Boxer
Partner

Direct Dial: 212-238-8626
E-mail: boxer@clm.com

2 Wall Street
New York, NY 10005-2072

Tel (212) 732-3200
Fax (212) 732-3232

570 Lexington Avenue
New York, NY 10022-6856
(212) 371-2720

June 13, 2018

**BY EFILE**

The Honorable Andrew L. Carter, Jr.
United States District Judge, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Oklahoma Specialized Transport LLc, et al. v. Capital Stack LLC, et al.* Case No. 1:18-cv-04192

Dear Judge Carter:

    We represent Defendants Capital Stack, LLC ("Capital Stack"), Anna N. Rubin ("Anna"), David Rubin ("David"), E-Prodigy Technology[1] ("eProdigy"), and the Rubin Law Firm ("Rubin Law Firm", collectively "Defendants") in the above-referenced matter. We write pursuant to the Court's individual rules of practice to request a pre-motion conference.

    Defendants anticipate making a motion to strike pursuant to Fed. R. Civ. P. 12(f) and to dismiss the Complaint in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b)(4), 12(b)(5), and 12(b)(6). Defendants anticipate making such a motion because: (1) the complaint contains irrelevant scandalous allegations; (2) Defendants have not been served with proper summonses; and (3) the complaint fails to state a cause of action.

### Factual Background

    On or about February 26, 2018, Plaintiff Oklahoma Specialized Transport LLC d/b/a Oklahoma Specialized Transport ("Oklahoma Specialized") entered into an agreement with Capital Stack whereby Oklahoma Specialized agreed to sell $216,000 of its future account receivables to Capital Stack in exchange for $150,000 (the "Agreement"). The Agreement provided that Capital Stack would receive 8% of Oklahoma Specialized's daily receivables until it had received $216,000 worth of receipts. In connection with the Agreement, Plaintiff Elizabeth Womack ("Womack", collectively with Oklahoma Specialized "Plaintiffs") entered into a Personal Guaranty of Performance (the "Guaranty") with Capital Stack. Less than three months later, Plaintiffs, apparently having sellers' remorse, brought suit against Defendants alleging that the Agreement was a usurious loan agreement and thus void.

---

[1] Defendants note that there is no company named "E-Prodigy Technology" and thus it is unclear what corporate entity Plaintiffs intended to name as a defendant in this litigation.

8285353.3

### Motion to Strike

The Complaint filed by Plaintiffs contains numerous scandalous and irrelevant falsehoods which serve no purpose other than to disparage the Defendants. For example, the Complaint inaccurately states that: (1) David is a convicted felon; and (2) David is a disbarred attorney. Not only are these allegations false (and their falsity is easily discoverable with minimal investigation), but they are entirely irrelevant to the allegations asserted by Plaintiffs. Defendants previously wrote to Plaintiffs' counsel asking that Plaintiffs withdraw or amend the Complaint, but Plaintiffs have not responded to that letter in any way. Accordingly, Defendants anticipate making a motion to strike these allegations.[2]

### Motion to Dismiss Pursuant to 12(b)(4) and 12(b)(5)

Under Fed. R. Civ. P. 4, plaintiffs may present a summons to the clerk of the court in which the action is pending for signature and the court's seal. Plaintiffs must then serve the properly issued summons with the complaint upon the defendants. Here, no summons has ever been issued by the Court. Nevertheless, when Plaintiffs attempted to serve Defendants with the Complaint, they provided Defendants with what, at first glance, purport to be valid summonses. However, upon closer inspection, it is readily apparent that the summonses are not proper as they bear the signature of the clerk for the *Eastern* District of New York, not this Court, and do not include a seal from any court. Thus, Defendants anticipate making a motion to dismiss based upon the forged summons which Plaintiffs attempted to serve.

### Motion to Dismiss Pursuant to 12(b)(6)

Defendants anticipate making a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because: (1) Plaintiffs have failed to allege any theory under which Anna, David, eProdigy, or the Rubin Law Firm could be liable; (2) the Agreement is a bona fide purchase of future receivables, not a loan; (3) Defendants did not owe Plaintiffs a fiduciary duty and there was no duty to disclose; (4) all of the material terms of the transaction were disclosed; (5) Defendants did not misrepresent any material terms; (6) the claim for a declaratory judgment is duplicative; and (7) Plaintiffs have failed to allege a claim for intentional infliction of emotional distress.

The only parties to the Agreement are Oklahoma Specialized and Capital Stack, and the only parties to the Guaranty are Womack and Capital Stack. All of Plaintiffs' claims arise, in one way or another, out of their entering into the Agreement and Guaranty with Capital Stack. Since Plaintiffs have not asserted any claims for aiding and abetting, or alleged that the non-Capital Stack defendants personally or individually undertook any actions, the non-Capital Stack defendants may only be liable under some alternative theory of liability such as: (1) a principal-agent relationship; (2) alter ego liability; or (3) piercing the corporate veil. Plaintiffs have failed to allege any of the facts necessary to support such a theory, as there is no evidence that there was domination or control over Capital Stack, the corporate forms were abused, or that Capital Stack is undercapitalized. Accordingly, Defendants anticipate making a motion to dismiss as to the non-Capital Stack defendants.

---

[2] The anticipated motion to strike is without prejudice to any other remedies available to Defendants, including an application for sanctions.

Defendants anticipate making a motion to dismiss Plaintiffs' claims that the Agreement is usurious and void because the Agreement is not a loan and not subject to the usury laws.[3] Usury laws apply to loans, not investments. Gen. Obl. L. § 5-501(2). Additionally, where the effective interest rate is based upon a contingency which is in the control of the debtor, usury laws do not apply. *Hamilton Capital VII, LLC v. Khorrami, LLP*, 2015 N.Y. Misc. LEXIS 2954, *20 fn. 14 (N.Y. Co. Sup. Ct. 2015). The primary indicia of a loan are the debtor's absolute obligation to repay the principal sum without risk to the creditor of the debtor's business failure. *Zoo Holdings, LLC v. Clinton*, 2006 N.Y. Misc. LEXIS 225, *10 (N.Y. Co. Sup. Ct. 2006) (*citing Rubenstein v. Small*, 273 A.D. 102, 104 (1st Dep't 1947).

Here, the Agreement is not a loan. Capital Stack bore the risk of Oklahoma Specialized's failure. Additionally, although the parties estimated the daily remittance amount based on Oklahoma Specialized's past sales, Oklahoma Specialized could seek to have the daily remittance amount modified if its business improved or worsened. Notably, there is no provision in the Agreement that increases the overall remittance amount if the receivables are delivered over a longer period of time than the agreement estimated. The Agreement specifically states that it is not a loan. New York courts routinely hold that agreements such as the one at issue here are not loans and that usury laws do not apply to such transactions. *See, e.g.*, *Champion Auto Sales, LLC v. Pearl Beta Funding, LLC*, 2018 NY Slip Op. 01645 (1st Dep't Mar. 15, 2018); *IBIS Capital Group, LLC v. Four Paws Orlando LLC*, 2017 N.Y. Misc. LEXIS 884, *4 (Nassau Co. Sup. Ct. Mar. 10, 2017).

Defendants also anticipate making a motion to dismiss Plaintiffs' claims for failure to disclose, fraudulent misrepresentation, breach of fiduciary duty, and deceptive acts and practices. The Agreement is an arms-length commercial transaction, Plaintiffs have not alleged any facts which would give rise to a fiduciary duty. Additionally, all of the relevant terms were fully disclosed in the Agreement. All of the terms which Plaintiffs now fault were clearly conveyed to them in the Agreement.

Finally, Defendants anticipate making a motion to dismiss Plaintiffs' claim for intentional infliction of emotional distress as it is nothing more than seller's remorse coupled with prejudicial views of New Yorkers. Additionally, Plaintiffs have not alleged that they have sought any medical care for their alleged emotional distress, as they must to succeed on such a claim. *See Walentas v. Johns*, 257 A.D.2d 352, 353 (1st Dep't 1999).

For all of the forgoing reasons, Defendants respectfully request that the Court schedule a pre-motion conference at the Court's earliest convenience and order such other and further relief as the Court deems just.

Respectfully submitted,


Jeffrey S. Boxer

---

[3] Additionally, Defendants anticipate moving to dismiss the claim for declaratory judgment because it is duplicative of Plaintiffs' first cause of action for usury and void contract.

-4-

cc:   Robert J. Del Col, Esq. (by ECF)

8285353.3